**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Civil Action No. ___8:21-cv-00223_____

WESLEY D. GALVAN,

    Plaintiff,

v.

FULL CIRCLE FINANCIAL SERVICES, LLC,

    Defendant,
_____/

**NOW COMES** WESLEY D. GALVAN, by and through his undersigned counsel, complaining of Defendant FULL CIRCLE FINANCIAL SERVICES, LLC, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

4. WESLEY D. GALVAN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Kyle, Texas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. FULL CIRCLE FINANCIAL SERVICES, LLC ("Defendant") is a corporation organized under the laws of Florida.

1

7. Defendant maintains its principal place of business at 12425 Race Track Rd., Ste. 100, Tampa, Florida 33626.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

9. On February 22, 2020, Plaintiff entered into a loan agreement with KMD Partners d/b/a CreditNinja.

10. Due to financial hardship, Plaintiff defaulted on his payments ("subject debt").

11. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(6).

12. At some point in time, the subject debt was placed with Defendant for collection.

13. On January 6, 2021, Defendant mailed Plaintiff a letter in an effort to collect the subject debt ("Defendant's Letter").

14. Defendant's Letter depicted, in pertinent part, as follows:



15. Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. Defendant's Letter identified "Axiom Acquisition Ventures" as the current creditor.

17. Defendant's Letter further identified "KMD Partners dba CreditNinja" as the original creditor.

18. Plaintiff had previously resolved the subject debt and was no longer responsible for any payments.

19. Specifically, Defendant's Letter identified "Axiom Acquisition Ventures" as the "current creditor;" however, Plaintiff was perplexed by Defendant's Letter identifying a current creditor after he had resolved this subject debt.

20. Accordingly, Defendant's Letter confused Plaintiff as he was unable to determine why someone is collection on something that had previously been resolved.

21. This language raised the possibility that the subject debt was sold, despite Plaintiff's resolution.

22. Accordingly, Defendant's Letter rendered it impossible for Plaintiff to determine whether the subject debt is owed.

23. Furthermore, Defendant also placed telephone calls to Plaintiff in order to collect on the subject debt, for which Plaintiff did not owe.

## DAMAGES

24. Defendant's misleading representations were material because it impacted Plaintiff's decision making process regarding the subject debt, including payment on the subject debt.

25. The conundrum created by the language used Defendant's representative caused Plaintiff significant emotional distress and anxiety due to his financial means.

26. The value of receiving unambiguous and complete information about one's financial affairs—and the ill effects of receiving ambiguous or misleading information—may be hard to quantify, but it is nevertheless a concrete harm. See *Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 739 (N.D. Ill. 2017).

27. Based on the foregoing, Plaintiff was deprived of his right to receive critical information required by the FDCPA and was harmed as a result thereof.

## CLAIMS FOR RELIEF

### COUNT I:
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

28. Paragraphs 9 through 27 of this Complaint are expressly adopted and incorporated

herein as though fully set forth herein.

## Violations of 15 U.S.C. § 1692e

29. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

30. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

31. Defendant violated 15 U.S.C. §§1692e and e(10) by making deceptive and misleading representations to Plaintiff in an attempt to collect the subject debt, which had already been resolved.

32. Specifically, it is was inherently deceptive for Defendant to mislead Plaintiff into believing that Plaintiff was still responsible for the payment of the subject debt.

33. As set forth above, Plaintiff was harmed by Defendant's deceptive collection practices.

## Violations of 15 U.S.C. § 1692g

34. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)    the amount of the debt;

    (2)    **the name of the creditor to whom the debt is owed**;

    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is

        disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

35. Section 1692g of the FDCPA requires debt collectors to make certain critical disclosures to consumers, including the identity of the current creditor.

36. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA.

37. Specifically, Defendant violated §1692g(a)(2) by stating that the subject debt is still owed and that Axiom Acquisition Ventures is now the current creditor.

38. As set forth above, Defendant's Letter rendered it impossible for Plaintiff to decipher whether or not the subject debt is still owed.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §1692e(1) and g(a)(2);

B. an injunction prohibiting Defendant from sending similar unlawful collection letters to consumers;

C. an award of statutory damages in the amount of $1,000 to Plaintiff;

D. an award to Plaintiff for his reasonable attorney's fees and costs; and

E. any further relief this Honorable Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: January 28, 2021                    Respectfully submitted,

**WESLEY D. GALVAN**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com